WILKE, Appellant, v. SIMON, Respondent.

(193 N. W. 666.)

(File No. 4848.   Opinion filed May 14, 1923.)

1.  Partnership—Contracts—Evidence—Intent—That Relationship Is Designated in Agreement as Partnership Strong Indication that Such Was Intent of Parties.

The fact that a written agreement executed between a landowner and another who was to conduct a farming enterprise thereon designated the relationship created as a partnership would strongly indicate that such had been their mutual intent.

2.  Partnership—Contracts—Reservation by Partner of Control and Management Will Not Defeat Mutual Intention to Constitute a Partnership.

Though, in the absence of an agreement to the contrary, each partner has the right to participate in the management, the mere fact that one has reserved to himself control of the management would not necessarily defeat the mutual intention to constitute a partnership.

3.  Partnership—Contracts—Landlord and Tenant—Agreement Held to Result in Partnership Relation, Though Management Retained by One Member.

A written agreement beween an owner of land and another, wherein the parties "agreed to associate themselves as a copartnership" for the purpose of farming and stock raising, which prescribed the materials, equipment, and labor to be furnished by each party, and providing for a division of the profits, held to create the relationship of partners, notwithstanding the control and management of the business had been reserved to himself by one of the partners, and no agreement for sharing of losses had been made.

4.  **Partnership—Evidence—Evidence Held to Establish Authority of Partner to Sell Cattle, Though Management of Enterprise Reserved to Another.**

In an action by a partner who had reserved control of the business to himself to recover cattle sold by his partner, evidence that the reservation of control had not been carried out in actual practice, and that the partner who made the sale had been permitted to make various other similar sales, held sufficient to clothe him with power to sell and warrant denial of the relief sought.

Appeal from Circuit Court, Potter County; Hon. J. H. Bottum, Judge.

Action by William Wilke against Louis Simon. From judgment for defendant and order denying new trial, plaintiff appeals. Affirmed.

*O'Keefe & Auldridge,* of Gettysburg, for Appellant.

*Robt. B. Fisk,* of Gettysburg, for Respondent.

(1) to (3) To points one to three of the opinion, Appellant cited: Miller v. Baker, 140 N. W. 407; Waggoner v. Bank, 61 N. W. 112; McPherson v. Swift, 116 N. W. 77; Cedarberry v. Gurnsey, 80 N. W. 159; Wager v. Buttles, 139 N. W. 435; Randall v. Ditch, 99 N. W. 1920; James v. James, 137 N. W. 1094; Taylor v. Bradley, 39 N. Y. 129; Lanyon v. Woodward, 13 N. W. 863; Bowers v. Graves, 66 N. W. 931; Williams v. Rogers, 68 N. W. 240; Fillous v. Greenfield, 164 N. W. 63; Clow-Schaaf Lumber Co. v. Kass, 138 N. W. 1121; Columbia National Bank v. Rice, 67 N. W. 165.

Respondent cited: Grigsby v. Day, 9 S. D. 585, 70 N. W. 881; Runnels v. Woffat (Mich.), 41 N. W. 224; Fechteler v. Palm Bros. & Co., 66 C. C. A. 336; Price v. Middleton & Ravenel, 55 S. E. 156; 75 S. C. 105; Sec. 1295, R. C. 1919.

(4) To point four, Appellant cited: Anderson v. Patten, 137 N. W. 1051; Baehr v. Clark, 49 N. W. 840; 13 L. R. A. 717; Gillman Oil Co. v. Morton, 56 N. W. 663; Gussner v. Hawks, 101 N. W. 899; I Mechem on Sales, Sec. 156; 2 C. J. 594.

GATES, J. Plaintiff, a resident of Webster City, Iowa, owned a ranch of 1,800 acres in Potter county, S. D., on which were horses, cattle, machinery, etc. In January, 1916, he entered into an agreement in writing with John Wright, also of Webster City, in words and figures as follows (italics ours):

"Wm. Wilke. President.

     "H. F. Wilke, Vice President.

"John Wilke, Cashier.

          "Commercial Bank.

"Capital $25,000.            "Personally Responsible $75,000.

          "Webster City, Iowa, Jan. 26, 1916.

"This agreement made and entered into by and between Wm. Wilke, the first party, of Webster City, & John Wright second party of Webster City, Iowa, the parties hereto have agreed to associate themselves as a copartnership hereinafter known as the Wilke & Wright Farm Company, for the purpose hereinafter named, farming and stock raising and such other business as agreed upon hereafter. The first party to furnish 1,800-acre farm known as the Wilke ranch in Potter county, South Dakota, each party to furnish one-half of the live stock, implements, tools, seed, and feed to begin farming with. The second party to furnish all fixtures and furniture needed to take care of the milk, butter, and poultry, and deliver the same to market as often as necessary to sell to the best possible advantage, each to stand one-half of the expense to keep up repairs and to buy feed if necessary. *The first party to have control and management of said business,* the second party to perform all the labor, necessary to work said farm and care for said stock in a good workmanlike manner. The first party to furnish all material to keep buildings and fences in repair, second party to haul all material and do all labor, to keep all buildings and fences in good repair, to cut all weeds, burdock, cockle burrs, and all weeds once a year during the month of August, to haul off manure and scatter over ground each year. The income of said business and all proceeds thereof to be divided

share and share alike. The business of said company to be executed through the Commercial Bank at Webster City, Iowa, and settlement to be made at said bank once each month, all the proceeds of said business to be deposited at Commercial Bank and checked on as needed by the business, the business to commence March 1, 1916, and continue for three years. At the termination of this contract all the property of said copartnership shall be sold at public auction on the premises to the highest bidder, each party reserving one reserve bid on each sale."

Wright bought from plaintiff a half interest in the property on the ranch and moved to the ranch and was in personal charge of it until June, 1918, when a settlement was had between them. In April, 1917, plaintiff shipped 165 head of cattle to the ranch. He claims he was the sole owner of these cattle, while Wright testified that he bought a half interest in them. In November, 1917, Wright sold some cattle to Gross & Gidley, cattle buyers, and they in turn sold them to defendant. In the summer of 1918 plaintiff found 11 of these cattle in defendant's possession and claimed to be the owner of them; that 6 were of the above-mentioned 165 and 5 were of those on the place when Wright took charge. This is an action for the possession of said 11 head of cattle. At the conclusion of the trial both parties moved for a directed verdict. The trial court thereupon made findings of fact and conclusions of law for defendant. Plaintiff appeals from the judgment and the order denying new trial.

Respondent claims that plaintiff and Wright were partners, and therefore the sale by Wright to Gross and Gidley, being in the usual course of the business of such a partnership, was valid as to Gross and Gidley in the absence of knowledge by them of appellant's reservation of control, and hence was also valid as to defendant. Appellant insists that the agreement between him and Wright was not one of partnership, but was a joint adventure, especially since he retained the control and management of the business, and since there was no agreement as to sharing losses.

[1] The fact that the written agreement designated the relationship as a partnership would seem to strongly indicate such to have been their mutual intent. In 20 R. C. L. 831, it is said:

"The particular test as to the existence of the partnership relation which is most widely accepted today, and which is appli-

cable especially as between the parties themselves, irrespective of the rights of third persons, is that a partnership is formed and exists only when it was the intention of the parties that they should be partners."

[2, 3] While, in the absence of an agreement to the contrary, each partner has the right of participating in the management of the partnership business (Rowley on Partnership, § 344), yet the mere fact that appellant reserved to himself control of the management would not necessarily defeat the mutual intention to constitute a partnership. We conclude that the relationship between appellant and Wright was one of partnership.

[4] It appeared that during the period of the partnership and prior to the sale in question there had been many cases of sale of the partnership property by Wright, some of which were known to Gross & Gidley. Even if appellant, as he testified, did not know of these sales, it seems that he should have known of them and the situation of the relationship between appellant and Wright as it appeared to Gross & Gidley warranted them in believing, and in acting upon the belief, that Wright was clothed with power to sell. The fact that, while in the articles appellant reserved control of the management, he only came to the ranch twice a year during each of the years 1916 and 1917, would seem to warrant the belief that such reservation of control was a mere paper reservation, and not carried out in practice.

It is clear to our minds that the trial court did not err in holding that the sale to Gross & Gidley was valid as to them, and therefore that respondent was the owner and entitled to the possession of the cattle in question.

The judgment and order denying new trial are affirmed.

Note—Reported in 193 N. W. 666. See, Headnote (1), American Key-Numbered Digest, Partnership, Key-No. 17, 30 Cyc. 383; (2) Partnership, Key-No. 17, 30 Cyc. 446; (3) Partnership, Key-No. 20, 30 Cyc. 390, 20 R. C. L. 825, 826; (4) Partnership, Key-No. 217(3), 30 Cyc. 589.

As to whether contribution of property or services by two or more persons to a common enterprise under an agreement to divide the products or result in kind, constitutes a partnership, see note in L. R. A. 1918E, 912.