DYAR, et al, Respondents, v. HAZEL, Sheriff, Appellant.

(193 N. W. 666.)

(File No. 5330.   Opinion filed May 14, 1923.)

**Execution—Injunctions—Granting of Temporary Injunction in Action to Enjoin Execution Sale Held Not Abuse of Discretion.**

In an action to restrain the execution sale of land involving the issue of whether the plaintiff had in fact purchased the property from judgment debtor, the court did not abuse its discretion in granting a temporary injunction in order to prevent a cloud on plaintiff's title.

Appeal from Circuit Court, Kingsbury County; Hon. Alva E. Taylor, Judge.

Action by B. A. Dyar and another against O. H. Hazel, as Sheriff of Kingsbury County. From an order granting an injunction pendente lite, the defendant appeals. Affirmed.

*D. J. O'Keeffe,* of Gettysburg, for Appellant.

*William H. Warren* and *C. C. Fritzel,* both of DeSmet, for Respondents.

Appellant cited: Rhodes Bros. v. Musicians Protective Union, A. E. of M. of Providence, 92 Atl. 641, L. R. A. 1915E, 1037; Marion County v. Perkins Bros. (Texas), 171 S. W. 789; Stauffer v. Cinn. R. & N. R. Co. (Ind.), 70 N. W. 543; Taylor v. Underhill, 40 Cal. 431; 14 R. C. L. 341; Eisnes Hauer v. Quinn, 36 Mont. 368, 93 Pac. 138, 122 A. S. R. 370, 14 L. R. A. (N. S.) 435, 14 R. C. L. 343.

Respondent cited: Probert v. McDonald, 2 S. D. 495, 51 N. W. 212; 23 C. J. 521-526, 556; Plummer v. Talbott (Ky.), 50 S. W. 1097; Zimmerman v. Makepiece (Ind.), 52 N. E. 992; Harris v. Carolina Distributing Co. (N. C.), 89 S. E. 789, Ann. Cas. 1918C, 329; Yount v. Hoover, 95 Kan. 752, 140 Pac. 408, Ann. Cas. 1918C 148, L. R. A. 1915F 1120; Cook v. Higgins, 66 Kan. 762, 71 Pac. 259; Pettit v. Shepard, 5 Paige (N. Y.) 493, 28 Am. Dec. 437; Allison v. Corson, 88 Fed. 581, 32 C. C. A. 12; Burton v. Walker (N. D.), 100 N. W. 257; Foreman v. Healy (N. D.); 93 N. W. 866; Gale Mfg. Co. v. Sleeper, 79 Kan. 806, 79 Pac. 648; Wilhelm v. Woodcock, 11 Ore. 518, 5 Pac. 202; Key City Gas Light Co. v. Muncell, 19 Ia. 305; First State Bank of Shelby v. Bottineau County Bank (Mont.), 185 Pac. 162. 8 A. L. R. 631; 14 R. C. L. 423.

GATES, J. This is an appeal by defendant sheriff from an order of injunction pendente lite. The question before us is whether the trial court abused it discretion in granting the order.

One E. H. Lewis was the owner of a half section of land in Kingsbury county. On March 1, 1922, he, with his wife, conveyed said land to his son, Joe W. Lewis. On the part of plaintiffs it is alleged that on March 31, 1922, Joe W. Lewis conveyed said land to the plaintiffs. Defendant alleges that Joe W. Lewis never executed or delivered a deed of said land to plaintiffs. On November 8, 1922, defendant made a levy on said land under an execution issued upon a judgment rendered on April 13, 1922, in an action wherein the Gettysburg State Bank was plaintiff and said E. H. Lewis was defendant and advertised said premises for sale on December 11, 1922. The temporary injunction restrained such sale until the further order of the court. In its order the trial court recited:

"And it further appearing from the complaint of the plaintiffs herein that they have a clear record fee title to the premises above described, and that the judgment of the said Gettysburg State Bank, and upon which said execution was issued, does not appear as of record as a lien against the real estate described, and it therefore appearing that a sale of said premises by virtue of said execution, and the issuance of a certificate of sale, and the recording of the same, would tend to cloud and injure the title of the plaintiffs in said real estate, and that they have no speedy and adequate remedy at law, and that the sheriff should be restrained from making such sale until further order of this court."

In 23 C. J. 564, the law is thus stated:

"In order to prevent a cloud upon the title, equity may enjoin a sale of lands on execution, and it is not necessary for the legal owner to wait until such cloud has been cast before calling upon a court of equity for relief. This power is, however, within the discretion of the court, and will not be exercised to the injury of strangers."

In 10 R. C. L. 1255, the rule is thus stated:

"As to real estate most of the cases that deny relief by injunction against execution sales of real property do so on the ground that where the complainant has a good title the sale will not prejudice him, and the remedy of defending an action of

ejectment in such cases bars the right of injunction. But the satisfaction afforded by this rule is often more technical than real and hence its application may, at times, be very properly denied; as for example, in a case where equity interposes to prevent a sheriff's sale, which would throw a cloud on the complainant's title, even though it could set aside the deed if the sale were made. Moreover, a sale may be enjoined until a dispute over the title to the property in question has been settled."

We are of the opinion that the trial court did not abuse its discretion in granting the temporary injunction.

The order appealed from is therefore affirmed.

Note—Reported in 193 N. W. 666. See American Key-Numbered Digest, Execution, Key-No. 171(4), 23 C. J. Sec. 467, 10 R. C. L. 1255.